Shearing, J.,
concurring in part and dissenting in part:
I agree with the majority that summary judgment on the claim of intentional infliction of emotional distress was appropriate. I also agree that the record does not support the finding that Miller’s claim was frivolous or filed for an improper purpose and that the district court therefore abused its discretion by awarding Jones attorney fees and costs. However, I would affirm the district court’s grant of summary judgment on the defamation claim.
The statement complained of is: “A police detective accuses Miller of giving false information in a report concerning cocaine found in a car Miller was driving.” It is conceded that the entire statement is true, except for the allegation that Miller was driving the car.
Factual assertions are not actionable unless they have no basis in truth. Wellman v. Fox, 108 Nev. 83, 88, 825 P.2d 208, 210 (1992) (citing Milkovich v. Lorain Journal Co., 497 U.S. 1 (1990)). The factual assertions in Wellman were made in the context of an election and are much further from the truth than the assertion made in this case. However, in Wellman, the court held that “such exaggerated statements are permissible in contexts in which the statements would be interpreted by a reasonable person as mere rhetorical hyperbole.” Wellman, 108 Nev. at 88, 825 P.2d at 211.
I submit that the statement about which Miller complains had a basis in fact. Miller owned and had driven the car in which he reported that cocaine could be found. Furthermore, the article makes clear that the white powder was found while the car was in an auto repair shop, not while Miller was driving. If it had been stated that Miller owned the car, which was true, it would have been just as damaging, if not more than the actual statement. The statement complained of was substantially true and therefore not actionable. Thus, I would affirm the district court’s order granting summary judgment as to all claims.